IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re Application of ) | CIVIL NO. 07-00019 DAE-KSC |
| ) | |
| DOUGLAS FARRAR, SR., ) | |
| CHRISTINE FARRAR, and TIKI ) | |
| ENTERTAINMENT, LLC, ) | |
| ) | |
| for Return of Property. ) | |
| _____) | |

ORDER DENYING REQUEST FOR TEMPORARY
RESTRAINING ORDER (TRO) WITHOUT NOTICE

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. Douglas Farrar, Sr., Christine Farrar, and Tiki Entertainment, LLC ("Movants") filed a Request for Temporary Restraining Order (TRO) Without Notice on January 16, 2007. After reviewing the motion and the supporting memoranda, the Court DENIES Movants' Motion for TRO.

BACKGROUND

According to Movants, on or about June 14, 2006, the government seized a 2005 Hummer H2 from Movants pursuant to 21 U.S.C. § 881 for a federal civil forfeiture in this Court. The government also seized $21,636.25 and $75,930 from Movants on or about June 16, 2006, and seized other vehicles. A civil forfeiture complaint against Movants has not been filed in this Court. However,

the State allegedly seized from the federal government nine of the other seized vehicles for forfeiture.  Because of this, Movants seek an order restraining and enjoining the United States, its agents and employees, including but not limited to, the United States Attorney for the District of Hawaii, the United States Drug Enforcement Administration, the U.S. Customs and Border Protection Service, and the United States Marshal for the District of Hawaii, from transferring, delivering or otherwise jeopardizing this Court's jurisdiction over the $21,636.25 and $75,930 in U.S. currency, plus interest according to law, and one 2005 Hummer H2, until the conclusion of the hearing on Movants' motion.  Movants did not file a Complaint.

## STANDARD OF REVIEW

In order to obtain a temporary restraining order, the moving party must demonstrate either "(1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in [the plaintiff's] favor."  Am. Tunaboat Ass'n v. Brown, 67 F.3d 1404, 1411 (9th Cir. 1995) (brackets in original); see Warsoldier v. Woodford, 418 F.3d 989, 993-94 (9th Cir. 2005); Nike, Inc. v. McCarthy, 379 F.3d 576, 580 (9th Cir. 2004).  These two formulas are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as

the probability of success on the merits decreases.  Oakland Tribune, Inc. v. Chronicle Pub Co., Inc., 762 F.2d 1374, 1376 (9th Cir. 1985) (citations omitted). "Under any formulation of the test, [however,] the plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.

"In issuing an injunction, the court must balance the equities between the parties and give due regard to the public interest."  High Sierra Hikers Ass'n v. Blackwell, 390 F.3d 630, 642 (9th Cir. 2004).  It is within the court's discretion to grant or deny a motion for TRO.  Oakland Tribune, Inc., 762 F.2d at 1376.

### DISCUSSION

Movants allege that the government's delay in filing a forfeiture proceeding for the money and Hummer, in conjunction with the other vehicles being seized by the State make it a substantial probability that if this Court orders release of the money and Hummer, the government will transfer the items to the State for forfeiture proceedings.  Such allegations are insufficient to establish even the possibility of irreparable injury, let alone a significant threat of irreparable injury, since all of Movants' damages can easily be quantified in a monetary value.

"Mere financial injury . . . will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation." Goldie's Bookstore, Inc. v. Superior Court of Cal., 739 F.2d 466, 471-72 (9th Cir.

1984); Colo. River Indian Tribes v. Town of Parker, 776 F.2d 846, 850 (9th Cir. 1985) ("economic injury alone is not considered irreparable."). The reasoning behind this is that an injunction is an equitable remedy and therefore, is available only to a party who can "demonstrate that her remedy at law was inadequate." Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1320 (9th Cir. 1994); Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506-507 & n. 8 (1959) ("The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.").

In Barrett v. Harwood, 967 F. Supp. 744, 745 (N.D.N.Y. 1997), the plaintiffs filed suit pursuant to 42 U.S.C. § 1983, alleging violations of their due process rights under the Fourteenth Amendment and various state law claims in connection with the alleged repossession of their vehicle. The plaintiffs sought damages and a preliminary injunction ordering the tow truck operator to immediately return their vehicle and to transfer any title he had to them. The court held that "[t]he very measurability of the bulk of plaintiff's alleged losses--i.e., the difference between the amount they must pay to lease a truck and the monthly payments they were making on the repossessed truck--compels a finding that plaintiffs have not suffered damages that cannot adequately be compensated by a monetary award" and denied the plaintiffs' injunction motion. Id.

Similarly, here, Movants only damages are economic damages, which are easily measurable.  The amount of money seized is already known, $21,636.25 and $75,930.  Furthermore, the Hummer H2 is not a unique vehicle and its value is easily assessed.  Clearly, all of the seized items are replaceable.  Accordingly, Movants have an adequate legal remedy.

## CONCLUSION

For the reasons stated above, the Court DENIES Movants' request for a temporary restraining order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 18, 2007.



David Alan Ezra
United States District Judge

In re Application of Douglas Farrar, Sr., et al., Civil No. 07-00019 DAE-KSC;
ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER
(TRO) WITHOUT NOTICE