IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| In re Application of | ) | CV. NO. 07-00019 DAE-KSC |
| | ) | |
| DOUGLAS FARRAR, SR., | ) | |
| CHRISTINE FARRAR, and TIKI | ) | |
| ENTERTAINMENT, LLC, | ) | |
| | ) | |
| For Return of Property. | ) | |
| _____ | ) | |

ORDER DISMISSING MOVANTS' MOTION WITHOUT PREJUDICE

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Movants' Douglas Farrar, Sr.,

Christine Farrar, and Tiki Entertainment, LLC's Motion to Enforce the Civil Asset

Forfeiture Reform Act ("CAFRA") (18 U.S.C. §§ 983(a)(3)(A)-(3)(B)), Return of

Property and Interest (28 U.S.C. §§ 2465(b)(1)(B)-(C)), and Award Movants

Reasonable Attorney's Fees and Costs ("Motion") and the supporting and

opposing memoranda, the Court DISMISSES Movants' Motion WITHOUT

PREJUDICE for Movants' failure to file an underlying complaint in this civil

action.

BACKGROUND

On January 16, 2007, Movants filed the instant Motion based on due

process violations under the Fifth Amendment, arguing that the Government

illegally seized and detained Movants' property without filing a civil forfeiture complaint in the time required and without filing a proper extension to file the complaint, as mandated under CAFRA.  <u>See</u> 18 U.S.C. §§ 983(a)(3)(A)-(3)(B). (Motion at 8.)  The Government filed two <u>ex parte</u>, sealed motions to extend the 90-day CAFRA deadline to file a civil forfeiture complaint against certain property, namely, a Hummer and $97,566.25, which Movants claim belong to them.  In those <u>ex parte</u> motions, the Government made a good cause showing that the extensions of time were necessary because "the initiation of civil forfeiture proceedings at [that] time would jeopardize the on-going criminal investigation." (<u>See</u> Moriyama's Decl. (March 26, 2007 extension) at 2; Moriyama's Decl. (March 19, 2007 extension) at 3.)

Movants also request return of the property and interest, citing 28 U.S.C. §§ 2465(b)(1)(B)-(C) and Federal Rules of Criminal Procedure ("Fed. R. Crim. P.") 41(g), and reasonable attorney's fees and costs.[1]  Movants did not file an underlying complaint in this action.

_____

[1] Movants appear to make a Fourth Amendment argument that the property was illegally seized without probable cause, but also argue that "the Court need not reach that issue at this time, if ever, because the requested relief lies under Rule 41(g)."  (Mot. at 8.)

2

<u>DISCUSSION</u>

Movants filed the instant Motion pursuant to Fed. R. Crim. P. 41(g), which provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." The Federal Rules of Criminal Procedure, however, are not applicable to civil property forfeiture actions for violations of a federal statute.  <u>See</u> Fed. R. Crim. P. 1(5)(B) (excluding from the Federal Rules of Criminal Procedure proceedings for "a civil property forfeiture for violating a federal statute").  The instant motion is based on alleged violations of CAFRA deadlines to file <u>civil</u> forfeiture complaints. This Court cannot even construe the underlying proceedings as being criminal in nature, as this action arises from administrative, nonjudicial <u>civil</u> forfeiture proceedings that the Drug Enforcement Administration ("DEA") and the United States Customs and Border Protection ("CBP") initially instituted.  The DEA and CBP then referred those proceedings to the United States Attorney's Office for the District of Hawaii ("USAO") to initiate judicial forfeiture proceedings.  (<u>See</u> Moriyama's Decl. (Opp'n) at ¶¶ 5, 8, 10.)  Accordingly, nothing in the current motion or in the underlying proceedings suggest that the Federal Rules of Criminal Procedure should apply.

3

This Court acknowledges the line of case law that suggests that Movants' request to return property may be construed as a "civil equitable proceeding." Purcell v. U.S., 908 F.2d 434, 437-38 (9th Cir. 1990). Such proceedings typically do not permit reliance on the Federal Rules of Criminal Procedure. See id. at 437. Notwithstanding, the Ninth Circuit has recognized an inherent power of the courts termed "anomalous jurisdiction" or "equitable jurisdiction" to permit review of a pre-indictment motion pursuant to Fed. R. Crim. P. 41(g) (formerly Rule 41(e)). See Ramsden v. United States, 2 F.3d 322, 324 (9th Cir. 1993); Meier v. Keller, 521 F.2d 548, 554 (9th Cir. 1975); Guerra v. United States, 645 F. Supp. 775, 778 (C.D. 1986); see also United States v. Fofo, 109 Fed. Appx. 775, 776 (6th Cir. 2004) (noting that Fed. R. Crim. P. 41(e) is the former version of Rule 41(g)). That jurisdiction, though not mentioned in a jurisdictional statute, provides district courts with "the power to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant." Ramsden, 2 F.3d at 324; see also Meier, 521 F.2d at 554 (noting that the "anomalous jurisdiction" power has been used for "independent, preindictment suits in equity seeking the suppression and return of illegally obtained evidence"). That power is not meant to be applied liberally, however; rather, it "should be exercised sparingly," Guerra, 645 F. Supp. at 778,

4

and only with "caution and restraint."  Ramsden, 2 F.3d at 324; Meier, 531 F.2d at

554.

      The instant case involves a preindictment suit in equity, in which

Movants claim that they have no remedy at law.  (Mot. at 3.)  The Government has

initiated a criminal investigation against Movants, but that investigation does not

underlie the instant Motion, except as it relates to the Government's reasons for

extending time to file a civil forfeiture complaint against Movants.  As there are no

criminal proceedings pending against Movants, this Court may not review

Movants' claims pursuant to Fed. R. Crim. P. 41(g), absent the Court's invocation

of its "anomolous jurisdiction."  To invoke that unusual power, this Court

considers the following four factors:

> 1) whether the Government displayed a callous disregard
> for the constitutional rights of the movant; 2) whether the
> movant has an individual interest in and need for the
> property he wants returned; 3) whether the movant would
> be irreparably injured by denying return of the property;
> and 4) whether the movant has an adequate remedy at
> law for the redress of his grievance

Ramsden, 2 F.3d at 325.

      Unlike the government's admission of Fourth Amendment violations

in Ramsden, see id., Movants present no evidence that the Government displayed

such a callous disregard for their constitutional rights in the instant case.  Movants

argue in their reply that the existence of an on-going criminal investigation is not reason enough to retain property indefinitely, but, here, this Court has not granted the Government indefinite extensions, nor has the Government made multiple requests for extensions.  (Reply at 8.)  The one-time extensions set the new deadlines to file civil forfeiture complaints for March 19, 2007 and March 26, 2007, granting the Government more time to conclude its investigation.  (See Ex parte Motion (March 26, 2007 extension) at 3; Ex parte Motion (March 19, 2007 extension) at 4.)  Those extensions were granted upon the Government's "good cause" showing that its on-going criminal investigation would be jeopardized if it were to initiate judicial civil forfeiture proceedings at the time that the extensions were filed.  The Government claims that it is currently working "diligently" to complete its criminal investigation so that it may institute the judicial forfeiture proceedings without risk of hindering its criminal investigation.  (Opp'n at 27.) Additionally, after the DEA and CBP referred Movants' claims to the USAO, the Government reviewed the administrative forfeiture referrals and, without delay, decided which assets to pursue in judicial forfeiture and which to release.[2]   In

---

[2] The Government decided not to pursue judicial forfeiture proceedings against the remaining state assets, except for the Hummer, and the remaining federal assets, except for the money recovered from the Kahuhipa Street house (totaling $75,930.00) and from the BMW (totaling $21,636.25).  (See Moriyama Decl. (Opp'n) at ¶¶ 3, 4, 11.)

short, there is no indication that the Government exhibited a "callous" disregard, or any serious disregard, for Movants' constitutional rights.

   Moreover, Applicants have not demonstrated an interest in or need for a return of the property, such as a need to drive the Hummer as transportation to and from work, that would compel this Court to invoke its equitable jurisdiction. Additionally, this Court previously found that Movants failed to establish irreparable injury, and Movants have not provided any argument that would make this Court reconsider that finding.  (<u>See</u> Order Denying Request for Temporary Restraining Order Without Notice (January 18, 2007) at 3.)

   Finally, once the Government initiates its civil and/or criminal judicial forfeiture proceedings, Movants may challenge the seizure of the property, constitutionally or otherwise, and may seek damages or injunctive relief as a remedy at law.[3]  (<u>See</u> Order Denying Request for Temporary Restraining Order Without Notice (January 18, 2007) at 5 (determining that "Movants have an adequate legal remedy")).  Movants have provided no evidence that indicates that their ability to seek a remedy at law upon the Government's filing of civil and/or

---

   [3] In its Opposition, the Government, in passing, indicates that it may institute a criminal judicial forfeiture proceeding, as well as a civil proceeding.  (Opp'n at 28.)  That the Government is contemplating a criminal proceeding does not change the analysis here, as the instant Motion and the underlying proceedings still are based on civil forfeiture proceedings.

criminal forfeiture proceedings has been impaired in any way. Movants express a concern that the Government will remove the seized assets from this Court's "custody" and have the assets forfeited in state court, but it provides nothing to support that concern. (Mot. at 3.) Even if the Government were to do that, that act would not impair Movants' ability to seek a remedy at law, such that this Court would be inclined to invoke its anomalous jurisdiction. In sum, none of the above-factors provide reason for this Court to invoke its unique, and not widely used, power to determine the merits of this case under its "anomalous jurisdiction."

Because the Federal Rules of Criminal Procedure do not govern this action and this Court refrains from invoking its equitable jurisdiction, this Court lacks jurisdiction to hear this motion pursuant to Fed. R. Crim. P. 41(g). As the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") provide the rules applicable to this action, Movants should have filed an underlying complaint before filing the instant Motion, particularly for Movants' due process arguments to enforce procedures under CAFRA. See Fed. R. Civ. P. 7(a) (providing that "[t]here shall be a complaint" for allowable pleadings); see also Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 668, 680 (1974) (involving the filing of a suit, presumably including a complaint, for due process violations and a taking of property for government use without just compensation pursuant to forfeiture

8

statutes).  The request to return property likewise should have been included in the complaint, rather than in a motion.[4]  Because no such complaint was filed here and Movants have failed to provide any reasons concerning why they should be able to circumvent the Federal Rules of Civil Procedure, this Court DISMISSES the instant Motion without prejudice.

CONCLUSION

For the reasons stated above, this Court DISMISSES Movants' Motion WITHOUT PREJUDICE for failure to file an underlying complaint in this civil action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 21, 2007.



_____
David Alan Ezra
United States District Judge

In re Application of Douglas Farrar, Sr., et al., Cv. No. 07-00019 DAE-KSC;
ORDER DISMISSING MOVANTS' MOTION WITHOUT PREJUDICE

---

[4]  Even if that request could be construed as a release of seized property under CAFRA, 18 U.S.C. § 983(f), Movants still would be required to file something other than a motion, that is, a "petition," to maintain an action in this Court.  See 18 U.S.C. § 983(f)(3)(A).